IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Aug 16 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| RICK RICHARDS, | CASE NO. 1:18-CV-158 |
| Plaintiff, | JUDGE Keeley |
| v. | |
| OCTANE ENVIRONMENTAL, LLC, *et al.*, | Removed from the Circuit Court of Harrison County, West Virginia, Civil Action No. 18-C-144-2 |
| Defendants. | |

## **DEFENDANTS' JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Octane Environmental, LLC, Terence Seikel, Craig Stacy, and Joseph Seikel (collectively, "Defendants") hereby remove the above-captioned action from the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia. In support thereof, Defendants state as follows:

1.  On July 17, 2018, Plaintiff Rick Richards ("Plaintiff") filed a Complaint (the "Complaint") against Defendants in the Circuit Court of Harrison County, West Virginia, captioned *Rick Richards v. Octane Environmental, LLC, et al.,* and bearing Civil Action No. 18-C-144-2 (the "State Court Action"). On July 19, 2018, the Summons and the Complaint were served on the Secretary of State at the State Capitol of West Virginia as the statutory attorney-in-fact for Defendants. On July 23, 2018, the Summons and Complaint were served via certified mail upon Defendant Octane Environmental, LLC ("Octane"). Subsequent to the service of the Summons and Complaint upon Octane, Defendants Terence Seikel and Craig Stacy were served with the Summons and Complaint. As of the date of this filing, Defendant Joseph Seikel has not been served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and

{7581748: }

correct copies of the Summons and the Complaint served upon Octane, Terence Seikel, and Craig Stacy in the State Court Action are attached hereto and incorporated herein as Exhibit A. Defendants have attached hereto as Exhibit B a certified copy of the Docket Sheet for this matter from the Circuit Clerk of Harrison County, West Virginia.

2. As set forth below, removal is proper under 28 U.S.C. §§ 1441 and 1332 because Plaintiff and Defendants are citizens of different States and Plaintiff seeks alleged damages in excess of $75,000.00, exclusive of interest and costs.

3. Plaintiff is a citizen of the State of West Virginia. See Exhibit A, Complaint, at ¶1.

4. Octane is an Ohio limited liability company registered to do business in West Virginia. See Exhibit A, Complaint, at ¶2. A limited liability company's citizenship for removal purposes is determined by the citizenship of its member(s). See Horne v. Lightning Energy Services, LLC, 123 F.Supp.3d 830, 837 (N.D.W. Va. 2015). See also Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004)). Octane is a citizen of Ohio, Michigan, and Illinois based upon the citizenship of its members.

5. Defendant Terence Seikel is a resident of Michigan. See Exhibit A, Complaint, at ¶3.

6. Defendant Craig Stacy is a resident of Ohio. See Exhibit A, Complaint, at ¶5.

7. Defendant Joseph Seikel is a resident of Michigan. See Exhibit A, Complaint, at ¶4.

8. Accordingly, for removal purposes, Octane is a citizen of Michigan, Ohio and Illinois. Defendant Terence Seikel and Defendant Joseph Seikel are both citizens of Michigan.

Defendant Craig Stacy is a citizen of Ohio. Plaintiff is a citizen of West Virginia. The parties therefore are completely diverse and were so at the time that the State Court Action was filed.

9. The amount in controversy in this case is also in excess of $75,000.00, exclusive of interest and costs.

10. To establish that the amount in controversy exceeds the jurisdictional limit on removal under 28 U.S.C. § 1332(a), the removing party must show by a mere "preponderance of the evidence" (and not to a "legal certainty") that the amount in controversy exceeds the jurisdictional threshold. *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012) ("[W]hen the complaint's ad damnum clause does not specifically state the amount in controversy, several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount."). "[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. To calculate that amount, 'the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue.'" *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001) (the Court may consider "the type and extent of the plaintiff's injuries and the possible damages recoverable"). *See also Maxwell v. Wells Fargo Bank, N.A.*, CIV.A. 2:09-0500, 2009 WL 3293871, at *4 (S.D.W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees was potentially available under the West Virginia Consumer Credit and Protection Act); Plaintiff's requested monetary damages should be aggregated with the value of the contracts at issue to determine the amount in controversy, which is additional proof that the amount in

controversy exceeds the $75,000 jurisdictional threshold. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 585 (S.D.W. Va. 1999) (aggregating the value of the loss to the defendant if the contract at issue was rescinded with plaintiffs' other claims and requested relief to conclude that "any realistic assessment of the record establishes the jurisdictional amount of $75,000, exclusive of interest and costs, to be present, and that Defendant's burden of proving jurisdiction [was] met").

11.     Plaintiff asserts the following claims against Defendants in the Complaint: (1) Declaratory Judgment; (2) Breach of Contract; (3) Defamation; (4) Conversion; and (5) Violation of the West Virginia Wage Payment and Collection Act.  In the Complaint, Plaintiff prays for an award of (1) declaratory judgment in Plaintiff's favor; (2) compensatory damages for Defendants' alleged breaches of contract to Plaintiff; (3) compensatory damages for Plaintiff's alleged accrued vacation time, which alleged to be nine weeks and two days of allegedly unpaid wages for days worked under the West Virginia Wage Payment and Collection Act; (4) liquidated damages in an amount equal to two times the unpaid amount allegedly owed to Plaintiff; (5) an injunction for the return of Plaintiff's personal property or compensatory damages in an amount equal to the fair market value of Plaintiff's personal property, which Plaintiff alleges to be approximately $30,000.00; (6) compensatory damages for alleged defamation; and (7) reasonable attorney fees and costs. As this Court is aware, the West Virginia Wage Payment and Collection Act provides for shifting of Plaintiff's attorneys' fees if Plaintiff proves successful on that particular claim.  Given the nature of the claims, the amount of the

contracts at issue, the potential for liquidated damages and attorney fees, the amount claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.[1]

12. Removal of this case is timely under 28 U.S.C. § 1446 because this Notice of Removal is filed within thirty (30) days from the date that Octane received the Summons and the Complaint in the State Court Action which was July 23, 2018. (Add dates of individual defendants as well)

13. Each Defendant joins and consents in the removal of this action.

14. Removal is properly made to the United States District Court for the Northern District of West Virginia under 28 U.S.C. § 1441(a) because the Circuit Court of Harrison County, West Virginia, where Plaintiff initiated the State Court Action, is within the United States District Court for the Northern District of West Virginia.

15. Defendants will file a Notice of Filing of this Notice of Removal with the Circuit Court of Harrison County, West Virginia, concurrently with this Notice of Removal and will serve the Notice of Filing on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

16. In removing this action to this District Court, Defendants do not waive any defenses it may have to this action, including but not limited to, improper service, personal jurisdiction, venue, and any defenses to the merits of Plaintiff's allegations or damages claims. Defendants expressly state that this Notice of Removal does not constitute and should in no way be interpreted or construed as an express or implied admission, acknowledgment, stipulation, or concession of any liability, fault, or damages in this action. Defendants expressly state that Plaintiff bears the ultimate burden of proof on these issues in this action.

---

[1] If challenged by Plaintiff, Defendants reserve the right to submit evidence to support that the amount in controversy exceeds $75,000.00.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby jointly remove this action from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia and respectfully request that this action proceed as properly removed to this Court.

Respectfully served this the 16th day of August, 2018.

KARINA R. KENDRICK (WV ID #11961)
McDonald Hopkins LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: 216.348.5400
Facsimile:  216.348.5474
E-mail: kkendrick@mcdonaldhopkins.com

-and-

*/s/ Michael J. Moore*
C. DAVID MORRISON (WV ID # 2643)
MICHAEL J. MOORE  (WV ID # 12009)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile:  (304) 933-8183
E-mail: Michael.Moore@Steptoe-Johnson.com

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| RICK RICHARDS, | ) | CASE NO. __1:18-CV-158__ |
| | ) | |
| Plaintiff, | ) | JUDGE __Keeley__ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Removed from the Circuit Court of Harrison |
| OCTANE ENVIRONMENTAL, LLC, *et al.*, | ) | County, West Virginia, |
| | ) | Civil Action No. 18-C-144-2 |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Defendants' Joint Notice of Removal** was filed electronically with this Court on this 16th day of August, 2018. Notice of this filing will be sent to counsel for all parties via the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy of the foregoing was served via U.S. mail on this 16th day of August, 2018 to:

Christopher A. Brumley, Esq.
W. Scott Evans, Esq.
Richard R. Marsh, Esq.
Raymond L. Harrell, Jr., Esq.
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338-3843
*Attorneys for Plaintiff Rick Richards*

　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Moore*
　　　　　　　　　　　　　　　　　　　　*Michael J. Moore (WVSB # 12009)*