IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICK RICHARDS and**
**ERNEST RICHARDS, II,**

    **Plaintiffs,**

v.                                            **Civil Action No. 1:18cv158**
                                                           **c/w 1:18cv157**
                                                                **(Judge Kleeh)**

**OCTANE ENVIRONMENTAL, LLC, an**
**Ohio limited liability company;**
**TERENCE SEIKEL; CRAIG STACY; and**
**JOSEPH SEIKEL,**

    **Defendants.**

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S**
**MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS**
**AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

On July 17, 2018, Ernest Richards, II ("E. Richards") and Rick Richards ("R. Richards") filed separate but related suits in the Circuit Court of Harrison County, West Virginia, against Octane Environmental, LLC ("Octane"); Terence Seikel; Craig Stacy; and Joseph Seikel (Dkt. No. 1-1).[1] Their complaints stemmed from their employment at Octane and their departure therefrom. The defendants jointly and timely removed the related cases to the Northern District of West Virginia on August 16, 2018, based on diversity jurisdiction (Dkt. No. 1). The defendants filed their *Answer and*

---

[1] The original complaint filed by E. Richards was designated as Civil Action No. 18-C-143-1 in state court and 1:18cv157 in federal court. The original complaint filed by R. Richards was designated as Civil Action No. 18-C-144-2 in state court and 1:18cv158 in federal court.

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

*Affirmative Defenses* on August 23, 2018, raising no counterclaims (Dkt. No. 7). On November 15, 2018, United States District Judge Irene M. Keeley issued an order consolidating the two cases and designating 1:18cv158 as the lead case (Dkt. No. 17). On December 3, 2018, the case was reassigned to United States District Judge Thomas S. Kleeh (Dkt. No. 26). Pursuant to the Court's Scheduling Order, the deadline to join parties or amend pleadings was December 31, 2018 (Dkt. No. 25).

On December 20, 2018, Octane filed two motions to amend its answer to add counterclaims against E. Richards and R. Richards (Dkt. Nos. 27, 29).[2] On January 3, 2019, R. Richards and E. Richards filed responses (Dkt. Nos. 32, 33). Octane replied to both responses on January 11, 2019 (Dkt. Nos. 34, 35). For reasons stated below, the Court now **GRANTS** Octane's motion to amend its answer to add counterclaims against R. Richards (Dkt. No. 29).

I.  **Applicable Law**

An amendment to add a counterclaim is governed by Rule 15 of the Federal Rules of Civil Procedure.[3] Under Rule 15, after 21 days

---

[2] On December 20, 2018, Octane also filed two motions for leave to file third party complaints (Dkt. Nos. 28, 30), which the Court granted on January 16, 2019 (Dkt. Nos. 36, 37).

[3] In 2009, Rule 13(f), which previously provided that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment," was "deleted as largely redundant and potentially misleading." FED. R. CIV. P. 13 (notes: 2009 amendment).

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S
MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS
AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Sciolino v. Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). An amendment's level of prejudice "will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427.

A compulsory counterclaim is "any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a). The Fourth Circuit has suggested four inquiries to determine whether a counterclaim is compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same?
> (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or

Case 1:18-cv-00158-TSK-MJA   Document 48   Filed 01/28/19   Page 4 of 6   PageID #: 331

**Richards et al. v. Octane et al.**                                     **1:18cv158**

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S
MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS
AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

> refute the claim as well as the counterclaim?
> And (4) Is there any logical relationship
> between the claim and counterclaim?

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988) (citing *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048 (4th Cir. 1976)). The Fourth Circuit has found that "[i]t is apparent that leave to amend to include compulsory counterclaims . . . should be granted freely lest parties later be met with a plea of res judicata." *Barnes Grp., Inc. v. C & C Prod., Inc.*, 716 F.2d 1023, 1035 n.35 (4th Cir. 1983).

## II. Analysis

In R. Richards's complaint, he argues that Octane employees made false allegations against him (accusing him of using protected trade secret information and unfairly competing with Octane); that Octane materially breached its contract; that Octane retained his personal property; and that Octane owes him vacation time.[4] He alleges the following legal claims: (1) Declaratory Judgment Against Defendants; (2) Breach of Contract; (3) Defamation; (4) Conversion; and (5) Violation of the West Virginia Wage Payment and Collection Act.[5] In its proposed counterclaim, Octane argues that R. Richards misrepresented himself as a partial owner;

---

[4] *See* 1:18cv158, Dkt. No. 1-1, at 7-20.
[5] *Id.*

4

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S
MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS
AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

instructed other employees to delete information from Octane-provided laptops; solicited Octane employees to work for competitors; and utilized proprietary and/or confidential Octane information at a new company (Dkt. No. 29-1, at 1–7). Octane seeks to bring the following legal claims: (1) Breach of Duty of Loyalty; (2) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (3) Civil Conspiracy (*Id.* at 4–7).

The parties agree that Octane's proposed counterclaims are compulsory (*See* Dkt. Nos. 32 and 35 at 6 and 5), and the Court concurs. The claims arise out of the same transaction or occurrence (R. Richards's employment at Octane and his departure therefrom). The issues of fact and law in the complaint and counterclaim are largely the same (i.e., whether R. Richards used Octane's protected trade secret information, whether he was a partial owner, etc.). Should the court deny Octane's motion, res judicata could bar a future lawsuit in this matter. Substantially the same evidence will support the counterclaim that will support the complaint, and there is a logical relationship between the two.

The parties disagree as to whether Octane may amend its answer to add a compulsory counterclaim. The Court finds that it may. *See*

Case 1:18-cv-00158-TSK-MJA Document 48 Filed 01/28/19 Page 6 of 6 PageID #: 333

Richards et al. v. Octane et al. 1:18cv158

**ORDER GRANTING DEFENDANT OCTANE ENVIRONMENTAL, LLC'S
MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS
AGAINST PLAINTIFF, RICK RICHARDS [DKT. NO. 29]**

*Barnes Grp.*, 716 F.2d at 1035 n.35. The motion to amend was timely,[6] and no evidence has been proffered that the amendment has been made in bad faith. Granting the motion will not unduly prejudice R. Richards because the case is in its early stages. The discovery completion deadline is August 2, 2019. Trial is scheduled for January 13, 2020. Furthermore, when accepting the proposed counterclaim allegations as true, the Court finds that the counterclaim states a plausible claim; it is not, therefore, futile for purposes of this analysis.

For good cause shown, the Court hereby **GRANTS** Octane's motion (Dkt. No. 29). Octane is **ORDERED** to file an amended answer, including the counterclaim, by February 15, 2019.

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED: January 28, 2019.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[6] As mentioned above, according to the Scheduling Order (Dkt. No. 25), the deadline to amend pleadings was December 31, 2018, and Octane moved for leave to amend its answer on December 20, 2018 (Dkt. No. 29).