## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERNEST RICHARDS, II,**
**& RICK RICHARDS,**

      **Plaintiffs,**

**v.**                                   **Civil Action No. 1:18-cv-00158**
                                              **Consolidated with 1:18-cv-00157**

**OCTANE ENVIROMENTAL, LLC,**
**an Ohio limited liability company;**
**TERENCE SEIKEL;**
**CRAIG STACY;**
**JOSEPH SEIKEL;**

      **Defendants.**

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT,
### AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants Octane Environmental, LLC, Terence Seikel, Craig Stacy, and Joseph Seikel (collectively, "Defendants"), for their Answer to the Amended Complaint ("Complaint") filed by Plaintiff Rick Richards ("Plaintiff"), state:

### PARTIES

1.    Defendants admit that Plaintiff is a West Virginia resident and was employed by Defendant Octane Environmental, LLC ("Octane") until May 2018. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and, therefore, deny same.

2.    Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.    Defendants admit that Defendant Terence Seikel is a member and majority shareholder of Octane and resident of Oakland County, Michigan. Defendant further admits that

Plaintiff reported to Defendant Terence Seikel during his employment with Octane. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.     Defendants admit that Defendant Joseph Seikel is a member and employee of Octane and a resident of Oakland County, Michigan. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.     Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

6.     The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's claim for the reasons stated in Defendants' Notice of Removal.

7.     The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

8.     The allegations contained in Paragraph 8 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

## STATEMENT OF FACTS

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and, therefore, deny the same as propounded.

2

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint as propounded.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint as propounded.

12.     Defendants admit Plaintiff began receiving his promised salary at the time he began working for Octane. With respect to the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, the Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations and, therefore, deny the same as propounded.

13.     Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint as propounded.

14.     Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint as propounded.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendants admit that during his employment Plaintiff brought personal property to be used by Octane and its employees. Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint as propounded.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint as propounded.

18.     Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint as propounded.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint as propounded.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint as propounded.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint as propounded.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint as propounded.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint as propounded.

26.     Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint as propounded.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint as propounded.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint as propounded.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

32.     Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint as propounded.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and, therefore, deny same as propounded.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint as propounded.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint as propounded.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint as propounded.

37.     Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint as propounded.

38.     In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendants state Exhibit A to Plaintiff's Amended Complaint speaks for itself. Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiff's Amended Complaint as propounded.

39.     In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendants state that Plaintiff's Complaint speaks for itself.

## LEGAL CLAIMS

### COUNT I: DECLARATORY JUDGMENT AGAINST DEFENDANTS

40.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 40 of Plaintiff's Amended Complaint.

41.     In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendants state that the language of the West Virginia Declaratory Judgment Act, West Virginia Code 55-13-1 and Rule 57 of the West Virginia Rules of Civil Procedure speak for themselves.

42.     Defendants admit the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint as propounded.

44.     In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendants state that Plaintiff's Amended Complaint speaks for itself. Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint as propounded and further deny that Plaintiff is entitled to any relief from Defendants.

### COUNT II: BREACH OF CONTRACT

45.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 45 of Plaintiff's Amended Complaint.

46.     The allegations contained in paragraph 46 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 46 of Plaintiff's Amended Complaint and demand strict proof thereof.

47.     The allegations contained in paragraph 47 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 47 of Plaintiff's Amended Complaint and demand strict proof thereof.

48.     The allegations contained in paragraph 48 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 48 of Plaintiff's Amended Complaint and demand strict proof thereof.

49.     The allegations contained in paragraph 49 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the

Defendants deny the allegations in paragraph 49 of Plaintiff's Amended Complaint and demand strict proof thereof.

50.    The allegations contained in paragraph 50 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 50 of Plaintiff's Amended Complaint and demand strict proof thereof.

### COUNT III: UNJUST ENRICHMENT

51.    Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 51 of Plaintiff's Amended Complaint.

52.    The allegations contained in paragraph 52 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 52 of Plaintiff's Amended Complaint and demand strict proof thereof.

53.    The allegations contained in paragraph 53 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 53 of Plaintiff's Amended Complaint and demand strict proof thereof.

54.     The allegations contained in paragraph 54 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 54 of Plaintiff's Amended Complaint and demand strict proof thereof.

55.     The allegations contained in paragraph 55 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 55 of Plaintiff's Amended Complaint and demand strict proof thereof.

56.     The allegations contained in paragraph 56 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 56 of Plaintiff's Amended Complaint and demand strict proof thereof.

57.     The allegations contained in paragraph 57 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the

Defendants deny the allegations in paragraph 57 of Plaintiff's Amended Complaint and demand strict proof thereof.

58.     The allegations contained in paragraph 58 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 58 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT IV: PROMISSORY ESTOPPEL

59.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 59 of Plaintiff's Amended Complaint.

60.     The allegations contained in paragraph 60 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 60 of Plaintiff's Amended Complaint and demand strict proof thereof.

61.     The allegations contained in paragraph 61 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 61 of Plaintiff's Amended Complaint and demand strict proof thereof.

62.     The allegations contained in paragraph 62 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 62 of Plaintiff's Amended Complaint and demand strict proof thereof.

63.     The allegations contained in paragraph 63 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 63 of Plaintiff's Amended Complaint and demand strict proof thereof.

64.     The allegations contained in paragraph 64 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 64 of Plaintiff's Amended Complaint and demand strict proof thereof.

65.     The allegations contained in paragraph 65 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the

Defendants deny the allegations in paragraph 65 of Plaintiff's Amended Complaint and demand strict proof thereof.

66.     The allegations contained in paragraph 66 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 66 of Plaintiff's Amended Complaint and demand strict proof thereof.

### COUNT V: VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT

67.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 67 of Plaintiff's Amended Complaint.

68.     The allegations contained in paragraph 68 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 68 of Plaintiff's Amended Complaint and demand strict proof thereof.

69.     The allegations contained in paragraph 69 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 69 of Plaintiff's Amended Complaint and demand strict proof thereof.

70.     The allegations contained in paragraph 70 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 70 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT VI: CONVERSION

71.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 71 of Plaintiff's Amended Complaint.

72.     The allegations contained in paragraph 72 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 72 of Plaintiff's Amended Complaint and demand strict proof thereof.

73.     The allegations contained in paragraph 73 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 73 of Plaintiff's Amended Complaint and demand strict proof thereof.

74.     The allegations contained in paragraph 74 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum

of Law in Support thereof. As such, the Defendants are neither admitting nor denying said allegations at this time. However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 74 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT VII: VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT

75.     Defendants repeat and incorporate their prior denials, admissions, and averments as if fully rewritten herein in response to Paragraph 75 of Plaintiff's Amended Complaint.

76.     The allegations contained in paragraph 76 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof. As such, the Defendants are neither admitting nor denying said allegations at this time. However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 76 of Plaintiff's Amended Complaint and demand strict proof thereof.

77.     The allegations contained in paragraph 77 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof. As such, the Defendants are neither admitting nor denying said allegations at this time. However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 77 of Plaintiff's Amended Complaint and demand strict proof thereof.

78.     The allegations contained in paragraph 78 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof. As such, the Defendants are neither admitting nor denying said allegations at this time. However, to the extent any response is needed at this time, the

Defendants deny the allegations in paragraph 78 of Plaintiff's Amended Complaint and demand strict proof thereof.

79.     The allegations contained in paragraph 79 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 79 of Plaintiff's Amended Complaint and demand strict proof thereof.

80.     The allegations contained in paragraph 80 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 80 of Plaintiff's Amended Complaint and demand strict proof thereof.

81.     The allegations contained in paragraph 81 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 81 of Plaintiff's Amended Complaint and demand strict proof thereof.

82.     The allegations contained in paragraph 82 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said

allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 82 of Plaintiff's Amended Complaint and demand strict proof thereof.

83.     The allegations contained in paragraph 83 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 83 of Plaintiff's Amended Complaint and demand strict proof thereof.

84.     The allegations contained in paragraph 84 of Plaintiff's Amended Complaint are subject to this Defendants' Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support thereof.  As such, the Defendants are neither admitting nor denying said allegations at this time.  However, to the extent any response is needed at this time, the Defendants deny the allegations in paragraph 84 of Plaintiff's Amended Complaint and demand strict proof thereof.

Defendants deny the statements and allegations contained in the Wherefore Paragraph of Plaintiff's Amended Complaint as propounded.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's Amended Complaint fails to state claims upon which relief can be granted.

2.      Plaintiff's claims, in whole or in part, are barred because Octane had a well-established pattern of practice, known by Plaintiff, of not paying vacation pay upon separation from employment unless the employee provided Octane with two weeks' notice.

3.      Plaintiff's claims, in whole or in part, are barred because Octane created a written policy requiring employees to provide the Company with two weeks' notice in order to be eligible to receive vacation pay upon separation.

4.      Plaintiff's Amended Complaint is barred by lack of personal jurisdiction.

5.      Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, estoppel, and laches.

6.      Plaintiff's claims, in whole or in part, are barred by failure of consideration.

7.      Plaintiff's claims, in whole or in part, are barred by the statute of frauds.

8.      Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

9.      Plaintiff's claims, in whole or in part, are barred by abandonment.

10.      Plaintiff's claims, in whole or in part, are barred by his failure to suffer any alleged damages.

11.      Plaintiff's claims, in whole or in part, are barred by his failure to mitigate his alleged damages, if any.

12.      Plaintiff's claims, in whole or in part, are barred by Plaintiff's breach of the duty of loyalty owed to Octane.

13.      Plaintiff's claims, in whole or in part, are barred because Octane returned all of Plaintiff's personnel property in its possession.

14.      Plaintiff's claims, in whole or in part, are barred because Plaintiff did not own or have a right to possess certain property.

15.     Plaintiff's claims, in whole or in part, are barred because Defendants did not perform any wrongful act inconsistent with the property rights of the Plaintiff.

16.     Plaintiff's claims, in whole or in part, are barred by the defenses of Qualified Privilege.

17.     Plaintiff's claims, in whole or in part, are barred by justification, privilege and truth.

18.     Plaintiff's claims, in whole or in part, are barred because there was no publication of any allegedly defamatory remarks that would give rise to a cause of action for defamation.

19.     Plaintiff's claims are barred because any statements allegedly made concerning Plaintiff were made in the course of Octane's duty as an employer.

20.     Plaintiff's claims are barred because the statements allegedly made concerning Plaintiff were true, or substantially true, or were a matter of opinion and were, therefore, absolutely privileged under the First and Fourteenth Amendments of the United States Constitution and the West Virginia Constitution.

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that Defendants acted with malice or knowledge of the falsity of the statements allegedly made, or a reckless disregard for the falsity of the statements allegedly made.

22.     Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show special damages.

23.     Defendants are entitled to set-offs with respect to Plaintiff's alleged damages.

24.     Defendants may rely on the after-acquired evidence doctrine.

25.     Defendants expressly reserve the right to supplement or amend their Answer and add additional defenses, as such defenses are made known during discovery.

## OCTANE'S COUNTERCLAIM AGAINST RICK RICHARDS

Defendant Octane Environmental, LLC, for its Counterclaim against Plaintiff, Rick Richards states as follows:

1. In July of 2016, Plaintiff was hired by Octane to work as Octane's general manager.

2. During Plaintiff's tenure as an employee with Octane, Plaintiff misrepresented himself as a partial owner of Octane to some of Octane's customers.

3. During Plaintiff's tenure as an employee with Octane, Plaintiff misrepresented himself as a partial owner of Octane to some of Octane's suppliers.

4. On May 13, 2018, Plaintiff emailed his letter of resignation to Terence Seikel.

5. On April 1, 2018, Octane implemented an Employee Handbook.

6. Section Four (4) of Octane's Employee Handbook contains a provision titled "Prohibited Uses of Our Systems" and provided, in pertinent part, "Employees may not use company systems in a manner that is unlawful, wasteful of company resources, or unreasonably compromises employee productivity or the overall integrity or stability of the company's systems."

7. Octane's Employee Handbook contains no provisions which authorize employees to delete information and/or files from Octane-provided laptop computers.

8. Section Four (4) of Octane's Employee Handbook also contains a provision titled "Conflict of Interest/Code of Ethics" and provided, in pertinent part, "Therefore, employees must never use their positions with the company, or any of its customers, for private financial gain, to advance personal financial interests, to obtain favors or benefits for themselves, members of their families or any other individuals …"

19

9. During his tenure as an employee at Octane, Plaintiff installed and maintained a program on Plaintiff's Octane-provided laptop computer that allowed Plaintiff to immediately delete the contents of the computer by pushing a few keystrokes.

10. Prior to submitting his notice of resignation, Plaintiff provided Ernest Richards with software, information, and/or instructions on how to delete data and/or information from Ernest Richard's Octane-provided laptop computer (service tag ID 6D7F3X1).

11. On or around Friday, May 11, 2018, Plaintiff instructed and/or advised Ernest Richards to delete data and/or information from Ernest Richards' Octane-provided laptop computer (service tag ID 6D7F3X1) or otherwise erase certain information maintained on the aforementioned laptop computer.

12. Prior to submitting his notice of resignation, Plaintiff provided Amanda Hunt with software, information, and/or instructions on how to delete data and/or information from Amanda Hunt's Octane-provided laptop computer (service tag ID DGNHG12).

13. On or around Friday, May 11, 2018, Plaintiff instructed and/or advised Amanda Hunt to delete data and/or information from Amanda Hunt's Octane-provided laptop computer (service tag ID DGNHG12) or otherwise erase certain information maintained on the aforementioned laptop computer.

14. Prior to submitting his notice of resignation, Plaintiff provided Aaron Giles with software, information, and/or instructions on how to delete data and/or information from Aaron Giles' Octane-provided laptop computer (service tag ID B8WDRY1).

15. On or around Friday, May 11, 2018, Plaintiff instructed and/or advised Aaron Giles to delete data and/or information from Aaron Giles' Octane-provided laptop computer (service tag

ID B8WDRY1) or otherwise erase certain information maintained on the aforementioned laptop computer.

16. Prior to submitting his notice of resignation, Plaintiff provided Jacob Richards with software, information, and/or instructions on how to delete data and/or information from Jacob Richards' Octane-provided laptop computer (service tag ID 7VX8MX1).

17. On or around Friday, May 11, 2018, Plaintiff instructed and/or advised Jacob Richards to delete data and/or information from Jacob Richards' Octane-provided laptop computer (service tag ID7VX8MX1) or otherwise erase certain information maintained on the aforementioned laptop computer.

18. From May 7, 2018, to May 10, 2018, Plaintiff connected a WD Easystore device (serial number: 57584731414137454A385959) to Plaintiff's Octane-provided laptop computer.

19. From May 7th, 2018, to May 10th, 2018, Plaintiff transferred certain of Octane's proprietary and/or confidential information from Plaintiff's Octane-provided laptop computer to the WD Easystore device (serial number: 57584731414137454A385959).

20. Prior to submitting his notice of resignation, Plaintiff solicited several of Octane's employees to work for a competitor of Octane. These employees included, but were not limited to the following: Aaron Giles, Jason Richards, Amanda Hunt, Jacob Richards, Rudys Banegas Bonilla, Olmy Chavez Galeas, Anthony Curry, Dalton Davis, Michael Jordan, Sixto Melendez, Fredis Moran, Khamtu Phommalinh, Julio Rocha, Somphanh Phongsa, Samane Visethsounethone, Xay Xayavongsack, Somchai Khunthawat, Salvador Cortes-Aboitez, Sid Mahathirash, and Somphiane Khiaosoth.

## Legal Claims

### Count I: Breach of Duty of Loyalty

21. Octane hereby incorporates and reasserts all of the previous allegations of its Counterclaim against Plaintiff.

22. During his employment with Octane, Plaintiff misrepresented himself as a partial owner of Octane to some of Octane's customers and suppliers and, without authority, actively solicited the sale of Octane to its competitors.

23. During his employment with Octane, Plaintiff solicited several of Octane's employees to work for a competitor of Octane. In so doing, Plaintiff breached his duty of loyalty owed to Octane.

24. Plaintiff transferred and/or stole certain of Octane's proprietary and/or confidential information and, upon information and belief, utilized the same once Plaintiff began working for Energy Resources Group, LLC. In so doing, Plaintiff breached his duty of loyalty owed to Octane.

25. As a result of Plaintiff's breach of the duty of loyalty which he owed to Octane, Octane has incurred damages.

### Count II: Violation of the Computer Fraud and Abuse Act; 18. U.S.C. § 1030

26. Octane hereby incorporates and reasserts all of the previous allegations of this Third-Party Complaint.

27. During his tenure as an employee with Octane, Plaintiff intentionally and in a criminal manner exceeded authorized access to his Octane-provided laptop computer by installing and maintaining a program that allowed Plaintiff to immediately erase the contents of his Octane-provided laptop computer by pushing a few keystrokes.

28. Plaintiff provided other Octane employees, including, but not limited to: Ernest Richards, Amanda Hunt, Aaron Giles, and Jacob Richards, with software, information, and/or instructions on how to delete data and/or information from their Octane-provided laptop computers. In so doing, Plaintiff intentionally and in a criminal manner exceeded authorized access to the aforementioned Octane-provided laptop computers.

29. Plaintiff instructed and/or advised other Octane employees, including, but not limited to: Ernest Richards, Amanda Hunt, Aaron Giles, and Jacob Richards to erase the data and/or information contained on their Octane-provided laptop computers or otherwise erase certain information maintained on the aforementioned laptop computers. In so doing, Plaintiff intentionally and in a criminal manner exceeded authorized access to the aforementioned Octane-provided laptop computers.

30. From May 7th, 2018, to May 10th, 2018, Plaintiff knowingly, intentionally, in a criminal manner, and with intent to defraud Octane, transferred certain of Octane's proprietary and/or confidential information from Plaintiff's Octane-provided laptop computer to the WD Easystore device (serial number: 57584731414137454A385959). In so doing, Plaintiff intentionally and in a criminal manner exceeded authorized access to the aforementioned Octane-provided laptop computers.

31. As a result of the illegal and criminal actions by the Plaintiff, Octane was required to hire an IT forensic expert to determine which files were deleted from the Octane-provided laptop computers and to determine which data/information was transferred by Plaintiff from his Octane-provided laptop computers. Octane incurred fees as a result of being required to hire an IT forensic expert.

32. As a result of the illegal and criminal actions by the Plaintiff, Octane was required to hire a new accounting manager in an attempt to help recover the information deleted from the Octane-provided laptop computers. Octane incurred fees as a result of being required to hire a new accounting manager.

33. As a result of the illegal and criminal actions by the Plaintiff, Octane's chief financial officer was required to spend numerous and extensive hours assisting in the recovery and recreation of the files and information deleted and/or transferred from Octane-provided laptop computers.

34. As a result of the illegal and criminal actions by the Plaintiff, Octane was unable to bill customers for months which damaged customer and vendor relations.

35. As a result of the Plaintiff's violation of the Computer Fraud and Abuse Act, 18. U.S.C. § 1030, Octane has incurred losses and damages.

## Count III – Civil Conspiracy

36. Octane hereby incorporates and reasserts all of the previous allegations of this Third-Party Complaint.

37. After meeting with Plaintiff, who instructed and/or advised Ernest Richards, Aaron Giles, Jacob Richards, and Amanda Hunt, to delete information from their Octane-provided laptop computers on or about May 11, 2018; several Octane-provided laptop computers were accessed, without authorization, and several files and/or information were deleted.

38. The Plaintiff, Ernest Richards, Aaron Giles, Jacob Richards, and Amanda Hunt engaged in a concerted action by agreeing to delete files and/or information from the Octane-provided laptop computers.

39. The Plaintiff engaged in criminal and unlawful actions by instructing Ernest Richards, Aaron Giles, Jacob Richards, and Amanda Hunt to delete files and/or information from their Octane-provided laptop computers

40. As a result of the civil conspiracy between the Plaintiff, Ernest Richards, Aaron Giles, Jacob Richards, and Amanda Hunt, Octane has incurred damages.

### Count IV – Tortious Interference/Intentional Interference with Contractual Relations and/or Prospective Business Relations ["Intentional Interference"]

41. Octane hereby incorporates and reasserts all of the previous allegations of this Third-Party Complaint.

42. Octane maintained contracts and/or business relationships or expectancies with customers and clients in the field of environmental containment products and services in the oil and gas industry.

43. Upon information and belief, Plaintiff intentionally, and outside of his capacity as an Octane employee, interfered with Octane's contracts and/or business relationships or expectancies with its customers and clients.

44. Upon information and belief, after Plaintiff separated from employment with Octane, Plaintiff intentionally interfered with Octane's contracts and/or business relationships or expectancies with its customers and clients.

45. Upon information and belief, Plaintiff intentionally interfered with Octane's contracts and/or business relationships or expectancies with Octane employees by contacting Octane employees to obtain trade secrets and/or other confidential information and/or to lure some of those employees away from Octane.

46. Plaintiff's intentional interference resulted in Octane losing business and/or business relationships or expectancies, as well as diminished reputation.

47. Plaintiff's intentional interference caused Octane damages, including loss of reputation and loss of business.

## **Prayer for Relief**

Wherefore, the Defendant, Octane Environmental, LLC, respectfully prays for the following relief:

A. Compensatory damages for the Plaintiff's violation of the duty of loyalty;

B. Compensatory damages for the Plaintiff's violation of the Computer Fraud and Abuse Act;

C. Compensatory damages for the Plaintiff's civil conspiracy;

D. Compensatory damages for the Plaintiff's intentional interference;

E. Pre-judgment interest and post-judgment interest;

F. Reasonable attorneys' fees, forum fees, and costs incurred in prosecuting this action; and

G. Such other relief this Court deems just and appropriate.

**Defendants and Counterclaim Plaintiffs demand a jury trial on all issues.**

Dated this 27th day of August, 2019.

By Counsel,

*/s/ Kenneth L. Hopper*
Johnnie E. Brown, WV State Bar No. 4620
Kenneth L. Hopper, WVSB No. 11158

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square
Morgantown, WV  26508
Telephone:    (304) 225-2200
Facsimile:    (304) 225-2214

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ERNEST RICHARDS, II,**
**& RICK RICHARDS,**

      **Plaintiffs,**

**v.**                                                    **Civil Action No. 1:18-cv-00158**
                                             **Consolidated with 1:18-cv-00157**

**OCTANE ENVIROMENTAL, LLC,**
**an Ohio limited liability company;**
**TERENCE SEIKEL;**
**CRAIG STACY;**
**JOSEPH SEIKEL;**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Defendants' Answer to Amended Complaint, Affirmative Defenses, and Counterclaim** was filed electronically with this Court on this 27th day of August, 2019.  Notice of this filing will be sent to the following counsel of record via the Court's electronic filing system:

Christopher A. Brumley, Esq.
W. Scott Evans, Esq.
Richard R. Marsh, Esq.
Raymond L. Harrell, Jr., Esq.
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338-3843
***Attorneys for Plaintiff***

Sam Madia, Esquire
Shaffer Madia Law, PLLC
343 W. Main St.
Clarksburg, WV 26301
***Counsel for Third-Party Defendants***

27

By Counsel,

*/s/ Kenneth L. Hopper*

Johnnie E. Brown, WV State Bar No. 4620
Kenneth L. Hopper, WVSB No. 11158

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
2414 Cranberry Square
Morgantown, WV  26508
Telephone:     (304) 225-2200
Facsimile:     (304) 225-2214