IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICK RICHARDS and**
**ERNEST RICHARDS, II,**

    **Plaintiffs/**
    **Counter Defendants,**

**v.**                                     **Civil Action No. 1:18-CV-158**
                                                      **c/w 1:18-CV-157**
                                                          **(Judge Kleeh)**

**OCTANE ENVIRONMENTAL, LLC, an**
**Ohio limited liability company,**
**TERENCE SEIKEL,**
**CRAIG STACY, and**
**JOSEPH SEIKEL,**

    **Defendants/Counter Claimants/**
    **Third-Party Plaintiff/Counter Defendant,**

**v.**

**JASON RICHARDS,**
**AMANDA HUNT,**
**AARON GILES, and**
**JACOB RICHARDS,**

    **Third-Party Defendants/Counter Claimants**
    **against Octane Environmental, LLC.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**
**WITH PREJUDICE AND DENYING MOTION FOR**
**SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

Pending before the Court is a Motion to Dismiss/Motion for Summary Judgment filed by the Defendants and Third-Party Plaintiffs, Octane Environmental, LLC ("Octane"), Terence Seikel ("T. Seikel"), Craig Stacy ("Stacy"), and Joseph Seikel ("J.

**RICHARDS V. OCTANE**  1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

Seikel") (together, "Defendants").[1] For the reasons discussed below, the Court denies the Motion to Dismiss with prejudice and denies the Motion for Summary Judgment without prejudice.

## I. PROCEDURAL HISTORY

On August 13, 2019, the Plaintiff, Rick Richards ("Plaintiff"), filed an Amended Complaint in this action. ECF No. 142. In the Amended Complaint, Plaintiff brings the following legal claims: (I) Declaratory Judgment Against Defendants, (II) Breach of Contract, (III) Unjust Enrichment, (IV) Promissory Estoppel, (V) Defamation, (VI) Conversion, and (VII) Violation of the West Virginia Wage Payment and Collection Act. On August 27, 2019, Defendants filed a Motion to Dismiss/Motion for Summary Judgment (the "Motion"), which is now fully briefed and ripe for review. ECF No. 145.

## II. FACTUAL BACKGROUND

In the Amended Complaint, Plaintiff avers the following set of facts, which the Court regards as true for purposes of the Motion. Plaintiff worked for Extreme Plastics Plus, Inc. ("Extreme Plastics") from October 2012 to July 2016. Am. Compl., ECF No. 142, at ¶ 9. While working there, and in his prior work in the oil

---

[1] T. Seikel is a member and majority shareholder of Octane. Am. Compl., ECF No. 142, at ¶ 3. J. Seikel is a member and employee of Octane. Id. ¶ 4. Stacy is a member and minority shareholder of Octane. Id. ¶ 5.

**RICHARDS V. OCTANE**                                              1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

and gas services industry, he provided environmental containment products and services and "developed a substantial book of customer business" while doing so. Id.

In July 2016, Stacy, T. Seikel, and others approached Plaintiff. Id. ¶ 10. They were looking to start a new business (Octane) to provide environmental containment products and services in the oil and gas industry. Id. Stacy and T. Seikel offered Plaintiff:

> (1) an initial 2.5% equity partner ownership in Octane with the potential to receive up to 5% equity partner ownership based on performance, to be paid out upon the sale of Octane; (2) at-will employment by Octane as its General Manager; (3) an annual salary; (4) participation in a profit-sharing program under which Plaintiff would receive a certain percentage of Octane's profits, to be paid on a monthly basis; and (5) other fringe benefits such as insurance and vacation time.

Id. ¶ 11.

In exchange for these promises, Plaintiff promised to:

> (1) leave his employment with Extreme Plastics and begin serving as General Manager of Octane; (2) solicit or attempt to solicit his existing customers from Extreme Plastics to become customers of Octane and otherwise be responsible for developing Octane's oil and gas business; and (3) recruit other employees in the industry to become employed by Octane.

Id. Plaintiff began working to develop Octane as its General Manager. Id. ¶ 12. He received a paid salary, was an at-will

**RICHARDS V. OCTANE**　　　　　　　　　　　　　　　　　　　　1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

employee during his employment, and was involved in the formation and establishment of Octane. Id. ¶¶ 12, 13. Plaintiff never entered into a non-solicitation or non-compete agreement at Octane. Id. ¶ 14. Octane relied on Plaintiff to solicit his previous customers and develop "almost all of Octane's business and customer base." Id. ¶ 15. Plaintiff brought his own personal equipment to Octane to be used by its employees, including "trailers, a saw, water pumps, welders, and several other items valued at approximately $30,000.00." Id. ¶ 16. Plaintiff recruited several employees to work at Octane. Id. ¶ 18. Plaintiff never received any verbal or written discipline or reprimand by his immediate supervisors at Octane. Id. ¶ 24.

　　　Still, T. Seikel notified Plaintiff on May 7, 2018, without explanation, that Plaintiff would be demoted to a Business Development position. Id. ¶ 25. He was replaced by Johnny Goff ("Goff"). Id. On May 11, 2018, Goff informed Plaintiff that he was suspended from employment with Octane, effective immediately, for "illegal activity." Id. ¶ 28. Plaintiff was informed during this conversation "that his computer and company vehicle had been confiscated by management, that his suspension would last for one week, and that [he] was not permitted on the Octane premises during the suspension period." Id. ¶ 30. Plaintiff was "instructed and

**RICHARDS V. OCTANE**                                          1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

made to leave . . . in the plain view of his fellow employees and former subordinates." Id. ¶ 31.

On May 12, 2018, Plaintiff submitted his resignation to T. Seikel. Id. ¶ 32. Since he left, Plaintiff has been informed that Defendants have made and continue to make false and defamatory statements about him to Octane employees and customers. Id. ¶ 33. These include:

> that Plaintiff engaged in illegal activity; that Plaintiff stole money from Octane during his employment and used said money to start a new company; that plaintiff allowed his brother(s) to work there while simultaneously working for a competitor; and that Plaintiff was working for a competing company while at Octane.

Id.

Plaintiff has made a request for the return of the personal property described above, which remain in Octane's possession, and Octane has ignored the request. Id. ¶ 34. Octane has not compensated or offered to compensate Plaintiff for this property. Id. Plaintiff never received the promised ownership in or profit-sharing of Octane. Id. ¶ 35. Plaintiff never did any of the following during his employment with Octane:

> (1) turn any customers away from Octane; (2) independently perform work for any customer for his own personal benefit or to the detriment of Octane; (3) use Octane's property or business for any personal advantage or to

5

RICHARDS V. OCTANE    1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

> derive any personal benefit other than his promised salary as an Octane employee; (4) derive any secret profits by virtue of the employment relationship with Octane; or (5) work for any competitor of Octane or any other company.

Id. ¶ 36.

### III. STANDARDS OF REVIEW

**A.  Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads

**RICHARDS V. OCTANE**                                              1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

**B.   Motion for Summary Judgment**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of

**RICHARDS V. OCTANE**　　　　　　　　　　　　　　　　1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

proof." Id. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).

### IV. DISCUSSION

In his Response, Plaintiff argues that it is premature to decide a Motion for Summary Judgment at this stage. Plaintiff avers that more time for discovery is needed, and he attaches an affidavit from his counsel stating the same. See ECF No. 150-1. The Court agrees with Plaintiff that it is inappropriate to issue a summary judgment ruling at this stage, and more discovery is clearly needed before the Court can appropriately consider a Rule 56 motion. Therefore, the Court will analyze Defendants' Motion under a 12(b)(6) standard only. Defendants have argued for dismissal of Counts II through VII, and the Court will discuss each in turn.

**A.　Count II: Breach of Contract**

A prima facia breach of contract claim under West Virginia law requires:

**RICHARDS V. OCTANE** 1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

> (1) that there is a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result.

Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 717 (N.D.W. Va. 2018). In the Amended Complaint, Plaintiff alleges that he formed a valid oral contract with Defendants. Stacy and T. Seikel offered Plaintiff:

> (1) an initial 2.5% equity partner ownership in Octane with the potential to receive up to 5% equity partner ownership based on performance, to be paid out upon the sale of Octane; (2) at-will employment by Octane as its General Manager; (3) an annual salary; (4) participation in a profit-sharing program under which Plaintiff would receive a certain percentage of Octane's profits, to be paid on a monthly basis; and (5) other fringe benefits such as insurance and vacation time.

Am. Compl., ECF No. 142, at ¶ 11.

In exchange for these promises, Plaintiff promised to:

> (1) leave his employment with Extreme Plastics and begin serving as General Manager of Octane; (2) solicit or attempt to solicit his existing customers from Extreme Plastics to become customers of Octane and otherwise be responsible for developing Octane's oil and gas business; and (3) recruit other employees in the industry to become employed by Octane.

Id. Plaintiff argues that he performed all or substantially all of the obligations imposed on him under the oral contract. He argues

**RICHARDS V. OCTANE**  1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

that Octane (1) failed to confer the promised equity partner ownership interest in Octane to him and (2) failed to provide any of the promised sharing of Octane's profits with him.

Defendants argue that the alleged oral contract is unenforceable under the Statute of Frauds because it could not be performed in one year. Under the Statute of Frauds, a writing is required to enforce a contract "that is not to be performed within a year[.]" W. Va. Code § 55-1-1(f). The United States District Court for the Southern District of West Virginia has written that "[i]n order to come within the statute of frauds, 'a verbal contract must expressly or by necessary implication provide for performance beyond a year, or contain nothing consistent with complete performance within a year.'" Thacker v. Peak, 800 F.Supp. 372, 383 (S.D.W. Va. 1992) (citing Thompson v. Stuckey, 300 S.E.2d 295, 297 (W. Va. 1983)).

The Court finds that it would be premature to dismiss the breach of contract claim at the 12(b)(6) stage. Discovery is necessary to determine whether it was possible to perform the alleged verbal contract within one year. Otherwise, Plaintiff has successfully pled the elements of a breach of contract claim. The Motion to Dismiss is denied as to Count II.

**RICHARDS V. OCTANE**                                              1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

**B.    Count III: Unjust Enrichment**

The elements of an unjust enrichment claim in West Virginia are:

> (1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

Barker v. Naik, No. 2:17-cv-04387, 2018 WL 3824376, at *5 (S.D.W. Va. Aug. 10, 2018) (citing Veolia Es Special Servs., Inc. v. Techsol Chem. Co., No. 3:07-cv-0153, 2007 WL 4255280, at *9 (S.D.W. Va. Nov. 30, 2007)).

In the Amended Complaint, Plaintiff alleges that he provided a benefit to Octane, and Defendants unjustly retained those benefits. Plaintiff "assisted tremendously with the formation of Octane and brought a wealth of knowledge with him to Octane's business, which assisted Octane greatly in its early phases as a company." Am. Compl., ECF No. 142, at ¶ 53. He did this with a "reasonable expectation" of ownership interest and profit sharing. Id. ¶ 54. He brought to Octane his knowledge of the energy industry, significant customer contacts, and his own equipment and

**RICHARDS V. OCTANE**　　　　　　　　　　　　　　　　　　　　　1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

property for Octane to use. Id. ¶ 55. The ownership interest and profit sharing were never provided to Plaintiff.

Defendants argue that Plaintiff was paid his full salary and that he has failed to allege that Defendants retained a benefit under inequitable circumstances. The Court disagrees. Plaintiff has alleged facts that support each element of an unjust enrichment claim. He alleges that he provided Octane with his own knowledge, contacts, equipment, and property. He alleges that he expected more in return (more than a full salary): he expected an ownership interest and a share of Octane's profits. Plaintiff alleges this did not happen, which at this stage, is sufficient to survive the 12(b)(6) challenge. The Motion to Dismiss is denied as to Count III.

**C.　Count IV: Promissory Estoppel**

The Supreme Court of Appeals of West Virginia has held the following regarding the claim of promissory estoppel:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise.

Syl. Pt. 3, Everett v. Brown, 321 S.E.2d 685 (W. Va. 1984).

**RICHARDS V. OCTANE** 1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

Plaintiff alleges that Defendants promised him that if he resigned from Extreme Plastics and joined Octane, he would gain an ownership interest and profit-sharing in Octane. He writes that Defendants "should have or did reasonably expect that this promise would induce Plaintiff to resign from his prior employment and begin working for Octane . . . ." Am. Compl., ECF No. 142, at ¶ 61. Plaintiff did resign from Extreme Plastics and begin working for Octane. Plaintiff had a significant role in the formation and operation of Octane, bringing with him knowledge and contacts, with the expectation of receiving an ownership interest and sharing in profits. Plaintiff argues that he has been damaged by Defendants' failure to fulfill their promise and that injustice can only be avoided if he is compensated for his loss of participation in Octane's ownership interest and profit-sharing as promised.

Defendants argue that Plaintiff was never promised an unconditional share of profits and cannot prove the existence of an oral contract. Therefore, they argue that injustice will not be avoided if Plaintiff is compensated for an ownership and profit-sharing interest. As discussed above with Count II, the Court will allow discovery to proceed to uncover the factual circumstances surrounding the alleged oral contract. Plaintiff has sufficiently

**RICHARDS V. OCTANE**  1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

pled a claim of promissory estoppel under West Virginia law. Therefore, the Motion to Dismiss is denied as to Count IV.

**D.    Count V: Defamation**

Defendants admit that Plaintiff has sufficiently alleged a claim for defamation and, instead, focus their argument on Plaintiff's failure to produce evidence. Therefore, the Motion to Dismiss is denied as to Count V.

**E.    Count VI: Conversion**

Under West Virginia law, conversion may be proved in three ways: "(1) by a tortious taking; (2) by any use or appropriation to the use of the defendant indicating a claim of right in opposition to the rights of the owner; or (3) by a refusal to give up the possession to the owner on demand." Hinkle Oil & Gas, Inc. v. Bowles Rice McDavid Graff & Love LLP, 617 F. Supp. 2d 447, 453 (W.D. Va. 2008), aff'd, 360 F. App'x 400 (4th Cir. 2010).

In the Amended Complaint, Plaintiff alleges that Defendants currently exercise dominion and control over his personal property: "trailers, a saw, water pumps, welders, and several other items valued at approximately $30,000.00." Am. Compl., ECF No. 142, at ¶ 16. He alleges that he has attempted to reclaim the property, but Defendants have refused to return it or allow Plaintiff on Octane's property to retrieve it. In their Motion,

RICHARDS V. OCTANE                                            1:18-CV-158

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
WITH PREJUDICE AND DENYING MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF NO. 145]**

Defendants argue that the property has been returned to Plaintiff. Defendants cite exhibits evidencing this. This is an issue of fact that the Court will not decide at this stage. Plaintiff has sufficiently pled a claim of conversion, and the Motion to Dismiss is denied as to Count VI.

F.     **Count VII: West Virginia Wage Payment and Collection Act**

Defendants admit that Plaintiff sufficiently alleged a claim under the West Virginia Wage Payment and Collection Act and, instead, focus their argument on evidentiary failings. Therefore, the Motion to Dismiss is denied as to Count VII.

V.     **CONCLUSION**

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss **WITH PREJUDICE** [ECF No. 145]. The Court **DENIES** the Motion for Summary Judgment **WITHOUT PREJUDICE.** Defendants may file another motion for summary judgment after discovery progresses in accordance with the Court's scheduling order. The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

It is so **ORDERED.**

DATED: December 4, 2019

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE