IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICK RICHARDS and**
**ERNEST RICHARDS, II,**

    **Plaintiffs/**
    **Counter Defendants,**

**v.**                                                  **Civil Action No. 1:18-CV-158**
                                                        **c/w 1:18-CV-157**
                                                                **(Judge Kleeh)**

**OCTANE ENVIRONMENTAL, LLC, an**
**Ohio limited liability company,**
**TERENCE SEIKEL,**
**CRAIG STACY, and**
**JOSEPH SEIKEL,**

    **Defendants/Counter Claimants/**
    **Third-Party Plaintiff/Counter Defendant,**

**v.**

**JASON RICHARDS,**
**AMANDA HUNT,**
**AARON GILES, and**
**JACOB RICHARDS,**

    **Third-Party Defendants/Counter Claimants**
    **against Octane Environmental, LLC.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**
**THIRD-PARTY COMPLAINT AGAINST JASON RICHARDS [ECF NO. 78]**

Pending before the Court is a Motion to Dismiss the Third-Party Complaint against Jason Richards [ECF No. 78]. For the reasons discussed below, the Court grants the motion.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
THIRD-PARTY COMPLAINT AGAINST JASON RICHARDS [ECF NO. 78]**

### I.  PROCEDURAL HISTORY

On July 17, 2018, Rick Richards and Ernest Richards, II (together, "Plaintiffs") filed separate but related suits in the Circuit Court of Harrison County, West Virginia, against the Defendants, Octane Environmental, LLC ("Octane"), Terence Seikel, Craig Stacy, and Joseph Seikel (together, "Defendants"). On August 16, 2018, the actions were removed to the Northern District of West Virginia. ECF No. 1. On August 23, 2018, Defendants filed an Answer to the Complaint. ECF No. 7. On November 15, 2018, the Honorable Irene M. Keeley, United States District Judge, entered an order consolidating the two cases through the pretrial conference and designating 1:18-CV-158 as the lead case. ECF No. 17. On December 3, 2018, the case was transferred to the Honorable Thomas S. Kleeh, United States District Judge.

On January 16, 2019, the Court granted Defendants leave to file a Third-Party Complaint against Amanda Hunt, Aaron Giles, Jacob Richards, and Jason Richards. ECF Nos. 36, 37. The Third-Party Complaints are docketed at ECF Nos. 38 and 39 in CM/ECF. On April 5, 2019, Third-Party Defendant Jason Richards moved to dismiss the Third-Party Complaint against him. This Motion is ripe for consideration and is the subject of this Memorandum Opinion and Order.

## II. FACTUAL BACKGROUND

In the Third-Party Complaint against Amanda Hunt, Aaron Giles, Jacob Richards, and Jason Richards [ECF Nos. 38, 39], Octane alleges the following set of facts relating to Jason Richards, which the Court regards as true for purposes of the Motion.

On April 1, 2018, Octane implemented an employee handbook. Third-Party Compl., ECF Nos. 38 and 39, at ¶ 12. Section four (4) of the handbook provides, "Employees may not use company systems in a manner that is unlawful, wasteful of company resources, or unreasonably compromises employee productivity or the overall integrity or stability of the company's systems." Id. ¶ 13. Nothing in the handbook authorizes employees to delete information and/or files from Octane-provided laptop computers. Id. ¶ 14.

Jason Richards worked for Octane from December 21, 2016, to May 14, 2018. Id. ¶ 21. During his tenure with Octane, he primarily served as a crew leader until Rick Richards promoted him to Supervisor on March 26, 2018. Id. Jason Richards began working for a competitor of Octane "days later" after ending his employment with Octane. Id. ¶ 26.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint

does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin,

980 F.2d 942, 952 (4th Cir. 1992).

## IV. DISCUSSION

Octane brings three causes of action against Jason Richards: (1) Breach of Duty of Loyalty; (II) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (III) Civil Conspiracy. Jason Richards moved to dismiss all three. As far as the Court can tell, it is not necessary to delve into a substantive discussion of the merits of these claims. Octane has failed to allege any factual content indicating or suggesting that Jason Richards engaged in any illegal or actionable activity, much less the illegal activity described in Counts (I)–(III) as alleged. Octane has merely stated in its Third-Party Complaint that Jason Richards was employed at Octane, was promoted, and worked "for one of Octane's competitors" just "days later" after he ended his employment with Octane. These allegations are insufficient to survive a 12(b)(6) challenge under the standard described above. Octane has failed to allege "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 570.

## V. CONCLUSION

For the reasons discussed above, the Motion to Dismiss the Third-Party Complaint against Jason Richards [ECF No. 78] is **GRANTED.** Accordingly, the Court **DISMISSES WITH PREJUDICE** the

claims against Jason Richards in the Third-Party Complaint. The Clerk is directed to transmit copies of this Order to counsel of record.

It is so **ORDERED**.

DATED: December 10, 2019

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE