IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICK RICHARDS and
ERNEST RICHARDS, II,

    Plaintiffs/
    Counter Defendants,

v.                                        Civil Action No. 1:18-CV-158
                                                c/w 1:18-CV-157
                                                       (Judge Kleeh)

OCTANE ENVIRONMENTAL, LLC, an
Ohio limited liability company,
TERENCE SEIKEL,
CRAIG STACY, and
JOSEPH SEIKEL,

    Defendants/Counter Claimants/
    Third-Party Plaintiff/Counter Defendant,

v.

JASON RICHARDS,
AMANDA HUNT,
AARON GILES, and
JACOB RICHARDS,

    Third-Party Defendants/Counter Claimants
    against Octane Environmental, LLC.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST**
**AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

Pending before the Court is a Motion to Dismiss the Third-Party Complaint against Amanda Hunt, Aaron Giles, and Jacob Richards [ECF No. 80]. For the reasons discussed below, the Court denies the Motion.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST
AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

## I.  PROCEDURAL HISTORY

On July 17, 2018, Rick Richards and Ernest Richards, II (together, "Plaintiffs") filed separate but related suits in the Circuit Court of Harrison County, West Virginia, against the Defendants, Octane Environmental, LLC ("Octane"), Terence Seikel, Craig Stacy, and Joseph Seikel (together, "Defendants"). On August 16, 2018, the actions were removed to the Northern District of West Virginia. ECF No. 1. On August 23, 2018, Defendants filed an Answer to the Complaint. ECF No. 7. On November 15, 2018, the Honorable Irene M. Keeley, United States District Judge, entered an order consolidating the two cases through the pretrial conference and designating 1:18-CV-158 as the lead case. ECF No. 17. On December 3, 2018, the case was transferred to the Honorable Thomas S. Kleeh, United States District Judge.

On January 16, 2019, the Court granted Defendants leave to file a Third-Party Complaint against Amanda Hunt, Aaron Giles, Jacob Richards, and Jason Richards. ECF Nos. 36, 37. The Third-Party Complaints are docketed at ECF Nos. 38 and 39 in CM/ECF. On April 5, 2019, Third-Party Defendants Amanda Hunt, Aaron Giles, and Jacob Richards moved to dismiss the Third-Party Complaint against them [ECF No. 80]. This Motion is ripe for consideration and is the subject of this Memorandum Opinion and Order.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST**
**AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

## II. FACTUAL BACKGROUND

In the Third-Party Complaint against Amanda Hunt, Aaron Giles, and Jacob Richards [ECF Nos. 38, 39],[1] Octane alleges the following set of facts, which the Court regards as true for purposes of the Motion.

On April 1, 2018, Octane implemented an employee handbook. Third-Party Compl., ECF Nos. 38 and 39, at ¶ 12. Section four (4) of the handbook provides, "Employees may not use company systems in a manner that is unlawful, wasteful of company resources, or unreasonably compromises employee productivity or the overall integrity or stability of the company's systems." Id. ¶ 13. Nothing in the handbook authorizes employees to delete information and/or files from Octane-provided laptop computers. Id. ¶ 14.

Amanda Hunt worked at Octane from April 24, 2017, to May 12, 2018, as an Office Manager. Id. ¶ 15. Her responsibilities included billing and invoicing Octane's customers. Id. Octane issued to her a laptop computer for work purposes. Id. ¶ 16. Aaron Giles worked for Octane from June 2, 2017, to May 13, 2018. Id. ¶ 17. He worked as a Field Supervisor and then an Office Supervisor, and his

---

[1] The Third-Party Complaint also brought causes of action against Jason Richards, but the Court dismissed all claims against him at ECF No. 169.

**RICHARDS V. OCTANE** 1:18-CV-158

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST**
**AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

responsibilities included billing and invoicing Octane's customers. Id. Aaron Giles was also issued a work laptop. Id. ¶ 18. Jacob Richards worked for Octane from April 28, 2017, to May 14, 2018, as an Office Assistant. Id. ¶ 19. His responsibilities included collecting and reviewing credit card expense reports. Id. He was also issued a work laptop. Id.

On or about May 11, 2018, Rick Richards instructed and/or advised Amanda Hunt, Aaron Giles, and Jacob Richards to delete data and/or information from their Octane-provided laptops. Id. ¶ 22. This information included confidential, proprietary, trade secret information and critical information necessary for Octane to run its business. Id. On or about May 11, 2018, Amanda Hunt deleted confidential and/or trade secret information from her Octane-provided laptop, including customer information, vendor information, and financial records. Id. ¶ 23. On or about the same day, Aaron Giles deleted confidential and/or trade secret information from his Octane-provided laptop, including logistical information necessary for Octane's business operations. Id. ¶ 24. On or about the same day, Jacob Richards deleted confidential and/or trade secret information from his Octane-provided laptop, including credit card expense reports for Amanda Hunt, Aaron Giles, Rick Richards, Ernest Richards, and several other individuals. Id.

**RICHARDS V. OCTANE**  1:18-CV-158

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST**
**AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

¶ 25. After ending their employment, Amanda Hunt, Aaron Giles, and Jacob Richards began working for one of Octane's competitors "days later." Id. ¶ 26.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual

allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

## IV. DISCUSSION

Octane brings three claims against Amanda Hunt, Aaron Giles, and Jacob Richards: (I) Breach of Duty of Loyalty; (II) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (III) Civil Conspiracy. The Third-Party Defendants have moved to dismiss all three. The Court will discuss each in turn.

### A. Count I (Breach of Duty of Loyalty)

At this stage in the proceedings, the nature of the employment relationship between each Third-Party Defendant and Octane is uncertain.[2] The Court lacks sufficient information to find as a

---

[2] Similar to this Court's findings in its Memorandum Opinion and Order Denying Motion to Dismiss with Prejudice and Denying Motion for Summary Judgment Without Prejudice [ECF No. 167], along with its Memorandum Opinion and Order Denying Motion to Dismiss Counterclaims [ECF No. 168], given the factual allegations made both in the Amended Complaint, earlier Counterclaims, and Third-Party Complaints, the Court finds disposition at the 12(b)(6) stage to be premature, as this Court cannot conclude that the pleadings

**RICHARDS V. OCTANE**                                          1:18-CV-158

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST
AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

matter of law that Octane has failed to state a claim to relief that is plausible on its face. All parties are, of course, welcome to seek judgment under the weighty but less onerous Rule 56 standard at summary judgment stage. At the 12(b)(6) stage, however, the Court denies the Motion to Dismiss as it relates to Count I (Breach of Duty of Loyalty) for Amanda Hunt, Aaron Giles, and Jacob Richards.

    **B.    Count II (Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

The Computer Fraud and Abuse Act ("CFAA") is "primarily a criminal statute designed to combat hacking." <u>WEC Carolina Energy Sols. LLC v. Miller</u>, 687 F.3d 199, 201 (4th Cir. 2012). Nevertheless, "a violation of any of the statute's provisions exposes the offender to both civil and criminal liability." <u>Id.</u> The Fourth Circuit has written:

> Among other things, the CFAA renders liable a person who (1) "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer," in violation of § 1030(a)(2)(C); (2) "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value," in violation of § 1030(a)(4); or (3)

---

lack "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

**RICHARDS V. OCTANE**                                          1:18-CV-158

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST
AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

> "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage[,] or . . . causes damage and loss," in violation of § 1030(a)(5)(B)-(C).

Id.

In Miller, a company that provided specialized welding services sued one of its former employees after he resigned. Id. at 202. The company alleged that before the employee resigned, he downloaded the company's proprietary information. Id. at 201. The employee then allegedly used the information — 20 days after he resigned — in a presentation he made on behalf of the company's competitor. Id. at 201. The company alleged violations of § 1030(a)(2)(C), (a)(4), (a)(5)(B), and (a)(5)(C), all of which require that a party either accessed a computer "without authorization" or "exceed[ed] authorized access." Id. at 203. Therefore, the court focused on analyzing those two concepts.

The Fourth Circuit took a narrow approach in defining these phrases. It wrote that an individual "accesses a computer 'without authorization' when he gains admission to a computer without approval." Id. at 204. He "'exceeds authorized access' when he has approval to access a computer, but uses his access to obtain or alter information that falls outside the bounds of his approved access. Notably, **neither of these definitions extends to the**

**improper use of information validly accessed."** Id. (citations omitted and emphasis added). Because the complaint focused on the improper use of the information rather than the employee's lack of authorization or his exceeding authorization, the court affirmed the district court's dismissal of the claim. Id. at 207.

Here, because it is undisputed that the Third-Party Defendants were authorized to access their Octane-provided laptop computers,[3] and because their actual use of the information is irrelevant under the CPAA according to Miller, the issue before the Court is whether Defendants have sufficiently pled that the Third-Party Defendants exceeded their authorized access to their Octane-provided laptops. Unlike in Miller, Defendants have pled that the Third-Party Defendants exceeded their authorized access.[4]

---

[3] See Octane Resp., ECF No. 100, at 12 ("Octane is not disputing TP Defendants had the right to access their Octane-provided computers.").

[4] In Miller, the Fourth Circuit specifically noted the lack of an allegation that the employees exceeded their authorized access or acted without authorization. Miller, 687 F.3d at 207 ("Notably, however, WEC fails to allege that Miller and Kelley accessed a computer or information on a computer without authorization. Indeed, WEC's complaint belies such a conclusion because it states that Miller 'had access to WEC's intranet and computer servers' and 'to numerous confidential and trade secret documents stored on these computer servers, including pricing, terms, pending projects[,] and the technical capabilities of WEC.' Thus, we agree with the district court that although Miller and Kelley may have misappropriated information, they did not access a computer without authorization or exceed their authorized access.").

**RICHARDS V. OCTANE** 1:18-CV-158

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST
AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

In the Third-Party Complaints, Octane argues that Amanda Hunt, Aaron Giles, and Jacob Richards exceeded their authorized access by deleting information from their Octane-provided laptops.

Further, the facts here are distinguishable from those in Miller. Miller did not involve employees' deletion of information from a work computer. The alleged deletions could each be considered an "alter[ation] [of] information on a computer beyond that which he is authorized to access." Miller, 687 F.3d at 206. Without more discovery, it is unclear what the specific boundaries of Third-Party Defendants' authorized access were. It would be premature to find that this alleged deleting of information was, as a matter of law, within their authorized access. Therefore, the Court denies the motion to dismiss as to Count II (Violation of the Computer Fraud and Abuse Act) for Amanda Hunt, Aaron Giles, and Jacob Richards.

### C.  Count III (Civil Conspiracy)

Under West Virginia law, "[a] civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed upon people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009). It is "a

RICHARDS V. OCTANE                                              1:18-CV-158

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST
AMANDA HUNT, AARON GILES, AND JACOB RICHARDS [ECF NO. 80]**

combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." Id. at Syl. Pt. 8. Here, because the Court has denied the motion to dismiss as it pertains to Counts I and II, it also denies the motion to dismiss as to Count III (Civil Conspiracy) for Amanda Hunt, Aaron Giles, and Jacob Richards, as the Court finds that Octane has pled sufficient facts to survive a 12(b)(6) challenge to both the underlying tort claims and the essential elements of a claim for civil conspiracy.

### V.   CONCLUSION

For the reasons discussed above, the Motion to Dismiss the Third-Party Complaint against Amanda Hunt, Aaron Giles, and Jacob Richards [ECF No. 80] is **DENIED**. The Clerk is directed to transmit copies of this Order to counsel of record.

It is so **ORDERED**.

DATED: December 10, 2019

*/s/ Tom S Kleeh*
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE