IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICK RICHARDS and
ERNEST RICHARDS, II,

    Plaintiffs/
    Counter Defendants,

v.                                                     Civil Action No. 1:18-CV-158
                                                            c/w 1:18-CV-157
                                                                    (Judge Kleeh)

OCTANE ENVIRONMENTAL, LLC, an
Ohio limited liability company,
TERENCE SEIKEL,
CRAIG STACY, and
JOSEPH SEIKEL,

    Defendants/Counter Claimants/
    Third-Party Plaintiff/Counter Defendant,

v.

AMANDA HUNT,
AARON GILES, and
JACOB RICHARDS,

    Third-Party Defendants/Counter Claimants
    against Octane Environmental, LLC.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO DISMISS AMENDED COUNTERCLAIMS [ECF NO. 155]**

Pending before the Court is a Motion to Strike/Dismiss the Counterclaims of Octane [ECF No. 155]. For the reasons discussed below, the Court denies the Motion.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION TO DISMISS AMENDED COUNTERCLAIMS [ECF NO. 155]**

I. **PROCEDURAL HISTORY**

On July 17, 2018, Rick Richards and Ernest Richards, II (together, "Plaintiffs") filed separate but related suits in the Circuit Court of Harrison County, West Virginia, against the Defendants, Octane Environmental, LLC ("Octane"), Terence Seikel, Craig Stacy, and Joseph Seikel (together, "Defendants"). On August 16, 2018, the actions were removed to the Northern District of West Virginia. ECF No. 1. On August 23, 2018, Defendants filed an Answer to the Complaint. ECF No. 7. On November 15, 2018, the Honorable Irene M. Keeley, United States District Judge, entered an order consolidating the two cases through the pretrial conference and designating 1:18-CV-158 as the lead case. ECF No. 17. On December 3, 2018, the case was transferred to the Honorable Thomas S. Kleeh, United States District Judge.

On January 16, 2019, the Court granted Defendants leave to file a Third-Party Complaint against Amanda Hunt, Aaron Giles, Jacob Richards, and Jason Richards. ECF Nos. 36, 37. On January 28, 2019, the Court granted Defendants leave to amend their Answer to include Counterclaims against Plaintiffs. ECF Nos. 47, 48. Defendants filed the Counterclaims on February 18, 2019. ECF Nos. 51, 52.

On August 13, 2019, the Court granted Rick Richards leave to

file an Amended Complaint. ECF No. 142. On August 27, 2019, Defendants filed an Answer and Counterclaim in response to the Amended Complaint, adding an additional counterclaim. ECF No. 147. Rick Richards then moved to dismiss the additional counterclaim. ECF No. 155. This motion is ripe for consideration and the subject of this Memorandum Opinion and Order.

## II.    FACTUAL BACKGROUND

In the Amended Counterclaim against Rick Richards [ECF No. 147], Octane alleges the following set of facts, which the Court regards as true for purposes of the Motion. These are the same facts, with respect to Rick Richards, asserted in the original Counterclaims against Rick and Ernest Richards.

In July 2016, Octane hired Rick Richards as its general manager. Am. Countercl., ECF No. 147, at ¶ 1. During his period of employment with Octane, Rick Richards misrepresented himself to some of Octane's suppliers and customers as a partial owner of the company. Id. ¶¶ 2, 3. While Rick Richards was employed by Octane, he installed and maintained a program on his Octane-provided laptop that allowed him to immediately delete the contents of the computer by pushing a few keystrokes. Id. ¶ 9.

On April 1, 2018, Octane implemented an employee handbook. Id. ¶ 5. Section four (4) of the handbook provides, "Employees may

not use company systems in a manner that is unlawful, wasteful of company resources, or unreasonably compromises employee productivity or the overall integrity or stability of the company's systems." Id. ¶ 6. Nothing in the handbook authorizes employees to delete information and/or files from Octane-provided laptop computers. Id. ¶ 7. Section 4 also provides that "employees must never use their position with the company, or any of its customers, for private financial gain to advance personal financial interests, to obtain favors or benefits for themselves, members of their families or any other individuals . . . ." Id. ¶ 8.

　　On May 13, 2018, Rick Richards emailed his letter of resignation to Terence Seikel. Id. ¶ 4. Before he did so, he provided Ernest Richards with software, information, and/or instructions on how to delete data and/or information from Ernest Richards's Octane-provided laptop (and then instructed him to do so). Id. ¶¶ 10, 11. On or around May 11, 2018, Rick Richards provided Amanda Hunt, Aaron Giles, and Jacob Richards with information about how to do the same. Id. ¶¶ 12, 14, 16. He then instructed and/or advised them to do so. Id. ¶¶ 13, 15, 17.

　　Between May 7, 2018, and May 10, 2018, Rick Richards connected a WD Easystore device to his Octane-provided laptop and transferred proprietary and/or confidential information from the laptop to the

device. Id. ¶¶ 18, 19. Before submitting his notice of resignation at Octane, Rick Richards solicited the following employees to work for a competitor: Aaron Giles, Jason Richards, Amanda Hunt, Jacob Richards, Rudys Banegas Bonilla, Olmy Chavez Galeas, Anthony Curry, Dalton Davis, Michael Jordan, Sixto Melendez, Fredis Moran, Khamtu Phommalinh, Julio Rocha, Somphanh Phongsa, Samane Visethsounethone, Xay Xayavongsack, Somchai Khunthawat, Salvador Cortes-Aboitez, Sid Mahathirash, and Somphiane Khiaosoth. Id. ¶ 20.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does

not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

### IV.  DISCUSSION

Defendants re-assert the same three counterclaims against Rick Richards: (I) Breach of Duty of Loyalty; (II) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (III) Civil Conspiracy. They also bring a new claim: (IV) Tortious Interference/Intentional Inference with Contractual Relations and/or Prospective Business Relations ["Tortious Interference"]. The Court has already denied a motion to dismiss the first three counterclaims. For the reasons discussed below, the Court also

denies the motion to dismiss the claim of Tortious Interference.

Octane alleges that during and after his employment with Octane, Rick Richards intentionally, and outside of his capacity as an Octane employee, interfered with Octane's contracts and/or business relationships or expectancies with its customers and clients. He contacted employees to obtain trade secrets and/or other confidential information and/or to lure some of them away from Octane. This, Octane argues, resulted in Octane's loss of business and/or business relationships or expectancies, as well as a diminished reputation.

Rick Richards argues that Count IV should be dismissed for the following reasons: (1) Octane improperly filed this additional counterclaim without seeking leave of the Court; (2) it is undisputed that Rick Richards was acting as Octane's competitor; and (3) the Tortious Interference claim is duplicative of the claim for Breach of Duty of Loyalty. The Court will discuss each argument in turn.

### (1) Seeking Leave of the Court

Rick Richards argues that the counterclaim should be dismissed because Octane did not seek leave of the Court before filing it. This Court, noting that "the Fourth Circuit has not spoken as to the issue or whether a party may assert a new

counterclaim in response to an amended complaint without leave of court," wrote that most courts have found the following:

> [W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff . . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.

Sec. Alarm Fin. Enters., Inc. v. Parmer, No. 1:12CV88, 2014 WL 690612, at *4 (N.D.W. Va. Feb. 21, 2014) (citing Tralon Corp. v. Cedarpids, Inc., 966 F.Supp. 812, 832 (N.D. Iowa 1997)). The Court found this reasoning persuasive: "[i]f every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause." Id. (citing E.E.O.C. v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 226-27 (S.D.N.Y. 2002)).

Richards argues that his Amended Complaint asserted two new causes of action — Promissory Estoppel and Unjust Enrichment — that "were based on the exact same factual circumstances upon which he bases his original breach of contract claim . . . ." He further argues that the new claim by Defendants — Tortious Interference — "does not have any relation to Richards' unjust

enrichment or promissory estoppel claim."

Under these circumstances, the Court is hesitant to find that the theory of the case has not changed. Richards has asserted two new causes of action. Even if the theory of the case has not changed, the new cause of action asserted by Octane is also based on the same set of facts. In this particular case, and noting that a new scheduling order is forthcoming, fundamental fairness dictates that Octane be permitted to amend its Counterclaims.

**(2) Acting as a Competitor**

Rick Richards contends that the Tortious Interference claim should be dismissed because it is undisputed that he was acting as a competitor to Octane in his capacity with Energy Resources Group, LLC ("ERG"). The Supreme Court of Appeals of West Virginia has found that the following constitutes a prima facie case of tortious interference:

> (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages.

Kelley v. Kelley, No. 15-0188, 2015 WL 7628821, at *16 (W. Va. Nov. 23, 2015) (citing Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166, 167 (W. Va. 1983)).

The Court agrees with this statement of the law provided by

Rick Richards: Under West Virginia law, defendants are not liable for tortious interference if they "show defenses of legitimate competition between plaintiff and themselves[.]" <u>See</u> Syl. Pt. 4, <u>Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n</u>, 438 S.E.2d 6 (W. Va. 1993). However, the Court believes it would be improper to find at this stage that ERG is a competitor of Octane. To dismiss the counterclaim on this basis would require a finding of fact more appropriate for a jury's consideration.

### (3) Duplicity

Rick Richards argues that the Court should dismiss the Tortious Interference claim because it is duplicative of the claim for Breach of Duty of Loyalty. The Court finds that the claims are sufficiently different and will allow them to proceed as two separate claims.

### V. CONCLUSION

For the reasons discussed above, the Motion to Dismiss Counterclaims [ECF No. 155] is **DENIED**. The Clerk is directed to transmit copies of this Order to counsel of record.

It is so **ORDERED**.

DATED: December 30, 2019

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE